IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES NEELY, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | _____ |
| | ) | |
| v. | ) | |
| | ) | |
| EMORY HEALTHCARE, INC., | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Charles Neely, by and through undersigned counsel, and brings this action against Defendant Emory HealthCare, Inc.

## INTRODUCTION

1.

This is an action under the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* ("FLSA") alleging that Defendant willfully failed to pay Plaintiff the correct amount of wages for all hours worked during his employment.

## PARTIES

2.

Plaintiff is a citizen of Georgia and resides in Clayton County.

1

3.

Defendant Emory HealthCare, Inc. ("Defendant" or "Hospital") is a Georgia corporation with its principle office located at 201 Dowman Drive NE, 102 Administration Building, Atlanta, Georgia 30322-1018.  Defendant may be served with process by delivering a copy of the complaint and summons to its Registered Agent, Jane Jordan, at 201 Dowman Drive NE, 102 Administration Building, Atlanta, Georgia 30322-1018.

**JURISDICTION AND VENUE**

4.

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

5.

Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it is a citizen of the State of Georgia.

6.

Defendant is an employer covered by the FLSA because (1) it is an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA; (2) its employees (including Plaintiff) are engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA; and (3) it has at least $500,000.00 in annual gross volume of sales made or business done.

7.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the events giving rise to Plaintiff's claims occurred within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM**

8.

Charles Neely worked for Defendant as a Food Service Attendant at the Emory University Hospital from approximately January 16, 2001, until he was terminated on or about November 15, 2011.

9.

Plaintiff's shift typically began at 10:00 a.m. and lasted until 8:30 p.m. ("10:00 a.m. shift"). Plaintiff's work schedule included work on weekdays and on weekend days.

10.

At the time of his termination, Plaintiff was earning wages of approximately $11.30 per hour for each hour worked on a weekday, and approximately $12.55 per hour for each hour worked on a weekend day.

11.

On information and belief, the calculation of his regular rate must include the weekend premium.

12.

Plaintiff commuted to work by public transportation. To ensure that he arrived on time and completed his work by the end of his shift, he departed from his home approximately two hours prior to his 10:00 a.m. shift.

13.

Plaintiff would typically arrive at the job site before 9:00 a.m., and his coworkers and supervisor would see him, speak with him, and otherwise have actual knowledge of his presence until his shift began at 10:00 a.m.

14.

Prior to his 10:00 a.m. shift, Plaintiff would put on an apron and gloves and begin performing his primary job duties, which included washing pots and

performing other kitchen work. During this time, his immediate supervisor, Gwendolyn Mays, regularly observed him working before his 10:00 a.m. shift.

15.

Plaintiff routinely offered his assistance to other workers who were on the clock. These workers also observed him working before his 10:00 a.m. shift in his work area.

16.

Pursuant to Defendant's policies and procedures, Defendant did not allow employees to clock-in prior to their shifts.

17.

Defendant regularly monitored employee activity in the work area using cameras.

18.

Plaintiff regularly worked in excess of 40 hours per week throughout his employment, including hours worked prior to his 10:00 a.m. shift.

19.

Plaintiff engaged in the same routine of working prior to his 10:00 a.m. shift throughout the eleven (11) years he worked for Defendant as a Food Service Attendant.

## COUNT ONE:  DEFENDANT'S WILLFUL FAILURE TO PAY OVERTIME AS REQUIRED BY THE FLSA

20.

Defendant willfully failed to pay Plaintiff for all hours worked in excess of 40 hours per week as required by the FLSA.

21.

Defendant failed to pay Plaintiff any wages at the premium overtime rate for hours worked prior to his 10:00 a.m. shift.

22.

Defendant failed to pay Plaintiff any wages at the regular rate for hours worked prior to his 10:00 a.m. shift.

23.

Defendant had notice of Plaintiff's compensable overtime hours because Plaintiff routinely performed work off-the-clock in the presence of his immediate supervisor and other coworkers prior to his 10:00 a.m. shift, and because Defendant also used security cameras in the work area to monitor the conduct of employees, including Plaintiff.

24.

By way of example, on or about Sunday, October 16, 2011, Defendant photographed Plaintiff performing work in the Hospital's kitchen at approximately 9:05 a.m., nearly one hour before his 10:00 a.m. shift.

25.

On or about October 16, 2011, pursuant to Defendant's policies and procedures, Plaintiff did not clock-in until approximately 9:51 a.m.

26.

On information and belief, Plaintiff was not compensated for the approximately forty-six (46) minutes of overtime he worked prior to his 10:00 a.m. shift at the premium overtime rate of one and one half times his regular rate.

27.

Moreover, Defendant failed to maintain accurate records of Plaintiff's actual work hours on or about October 16, 2011.

28.

Therefore, Defendant failed to comply with the record-keeping requirements of the FLSA.

29.

During Plaintiff's employment, Defendant instructed Plaintiff not to clock-in prior to his shift.

30.

Nevertheless, Defendant routinely permitted Plaintiff to perform his primary job duties off-the-clock, had actual knowledge of his work, and received the benefit of his work without paying Plaintiff for time worked in excess of 40 hours per week at a rate of not less than one and one-half times his regular rate.

31.

Defendant regularly, frequently, and repeatedly failed to pay Plaintiff for all hours worked in excess of 40 hours per week at the appropriate overtime rate required by the FLSA.

32.

Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for certain hours worked.

33.

Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Plaintiff seeks damages in the amount of the his unpaid overtime wages, an equal amount as liquidated damages, interest, and any such other legal and equitable relief as the Court deems proper.

34.

Plaintiff seeks recovery of attorney fees and costs to be paid by Defendant as provided by the FLSA.

## **PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

a. the Court enter judgment against Defendant for unpaid wages dating back to three years from the date that this action is filed, or, in the alternative, for unpaid wages dating back two years from the date this action is filed;

b. the Court award Plaintiff unpaid wages in a sum that shall be proven at trial;

c. the Court award Plaintiff liquidated damages equal to the amount of unpaid wages;

d. the Court award Plaintiff all costs and attorney fees incurred in prosecuting these claims in a sum that shall be proven at trial; and

e. the Court grant Plaintiff any such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated:      February 16, 2012

Respectfully submitted,

s/  John L. Mays

**MAYS & KERR LLC**  
229 Peachtree Street NE  
International Tower | Suite 980  
Atlanta, Georgia 30303  
Telephone:   404 410 7998  
Facsimile:    404 855 4066  
Attorneys for Plaintiff

John L. Mays  
Ga. Bar No. 986574  
john@maysandkerr.com

Jeff Kerr  
Ga. Bar No. 634260  
jeff@maysandkerr.com